IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE BERNARD                                                                           PETITIONER

VS.                                                          CIVIL ACTION NO. 3:23-cv-344-CWR-FKB

BRAND HUFFMAN                                                                          RESPONDENT

## REPORT AND RECOMMENDATION

Willie Bernard, a state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as untimely [13], and Bernard has responded to the motion. The undersigned recommends that the motion be granted and the petition dismissed with prejudice.

### I. Factual Background

Bernard shot and killed Larry Johnson during a dispute at an apartment complex parking lot. His first trial, held in 2013, resulted in a murder conviction with a firearm enhancement. The trial judge granted a new trial based upon the court's denial of a request for a Castle Doctrine instruction. Bernard was retried in January of 2016, again found guilty of murder with a firearms enhancement, and sentenced to life imprisonment. The Mississippi Supreme Court affirmed. *Bernard v. State*, 288 So. 3d 301 (Miss. 2019). His motion for rehearing was denied on February 6, 2020. He filed no petition for writ of certiorari to the United States Supreme Court.

Bernard states that in April or May of 2020, he hired an attorney to file a state court motion for post-conviction relief (PCR motion). However, as of June 23, 2021, no such motion had been filed, and on that date, Bernard submitted to the MDOC Inmate Legal Assistance Program (ILAP) for filing in this Court a Motion for Cause to Preserve

Right to File for Federal Habeas Corpus. [13-4]; [13-5]; [2-8]. The Clerk returned the motion without filing because it was not signed under penalty of perjury and was not on the required form for habeas petitions. [5-1] at 10. On July 23, 2021, he again sent in a Motion for Cause to Preserve Right to File for Federal Habeas Corpus. *Bernard v. Mills*, No. 3:21cv491-KHJ-RPM (S.D. Miss.). The motion was filed, but because it was not on the proper form, the Court entered an order with an accompanying form for § 2254 petitions and directed him to complete it. Bernard failed to respond to the order. Two show cause orders were entered, which also yielded no response from Bernard. On January 12, 2022, the action was dismissed without prejudice for failure to prosecute and obey the orders of the Court.

On November 29, 2022, Bernard's attorney filed a PCR motion. The Mississippi Supreme Court denied the motion on March 9, 2023.

Bernard filed the present petition on May 24, 2023.[1]

## II. AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

---

[1] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Bernard's petition was signed and stamped by the ILAP on May 24, 2023; it was file-stamped by this Court on May 30, 2023.

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Bernard did not petition the United States Supreme Court for a writ of certiorari, his judgment became final when his 150-day period for doing so expired, *i.e.*, on Monday, July 6, 2020 (150 days after the denial of his petition for rehearing).[2] *Gonzalez v. Thaler*, 556 U.S. 134, 150 (2012) (holding that when a petitioner does not pursue direct review to the Supreme Court, the judgment becomes final when the time for doing so expires). Bernard had one year from that date, or until July 6, 2021, in which to file for federal habeas relief, subject to tolling under § 2244(d)(2) for any period during which a properly-filed motion for post-conviction relief was pending in the state

---

[2] Normally, the period for filing a petition for a writ of certiorari is 90 days. See Sup. Ct. R. 13(1). However, due to the Covid-19 pandemic, the Supreme Court extended the deadline to file any petition for a writ of certiorari to 150 days from the lower court's order denying a timely petition for hearing. U.S. Supreme Court Order List 589, https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf. This rule was in effect from March 19, 2020 to July 19, 2021.

court. Because Bernard's PCR motion was filed after July 6, 2021, he is not entitled to tolling under § 2244(d)(2). Thus, Bernard's limitations period expired approximately 22 months prior to the filing of his petition.

### III. Equitable Tolling

Bernard admits that his petition is untimely but argues that he is entitled to equitable tolling because of difficulties in filing his state PCR. In support of his position, he references his attorney's delay in filing the motion; difficulty reading and writing and his resulting reliance upon other inmates for help with his legal work; difficulties obtaining materials from ILAP; and other difficulties caused by the Covid-19 pandemic. [1] at 13-14; [16] at 3-4.

Equitable tolling is reserved for "rare and exceptional circumstances." *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quoting *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009)). To establish entitlement to equitable tolling, a prisoner must show that in spite of diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). An attorney's mere negligence or error does not constitute a "rare and exceptional circumstance" such as warrants equitable tolling. *North v. Davis*, 800 Fed. App'x 211, 216 (5th Cir. 2020); *see also Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002) (because prisoners have no right to counsel in post-conviction proceedings, attorney error will not trigger equitable tolling). Furthermore, Bernard's difficulties obtaining help with his legal work do not rise to the level of an extraordinary circumstance that somehow prevented him

4

from timely filing his federal petition. *See, e.g., Tate v. Parker*, 439 Fed. App'x 375, 376 (5th Cir. 2011) ("ignorance of the law, lack of knowledge of filing deadlines, . . . a temporary denial of access to research materials or legal assistance, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling."). Finally, this Court has recognized that the Covid-19 pandemic and the limitations arising from it do not constitute "rare and exceptional circumstances" warranting equitable tolling. *See Wilson v. Cain*, No. 5:22-cv-69-DCB-BWR, 2023 WL 5803702 at *3 (S.D. Miss., Sept. 7, 2023); *Wells v. Cain*, No. 3:22CV741-DPJ-LGI, 2023 WL 4417292 at *4 (S.D. Miss. May 31, 2023), report and recommendation adopted, No. 3:22-CV-741-DPJ-LGI, 2023 WL 4410940 (S.D. Miss. July 7, 2023).

Neither has Bernard shown that he exercised reasonable diligence in pursuing his rights. *See Holland*, 560 U.S. at 653 (explaining that the diligence required is "reasonable diligence"). After his appeal was complete, Bernard waited at least two months before taking any action on his PCR motion. At that point he hired an attorney. But "[t]he act of retaining an attorney does not absolve [a] petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition." *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012) (quoting *Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004) (Sotomayor, J.). Indeed, an attorney's inaction, or even ineffective assistance in failing to preserve a petitioner's rights, "is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." *Id.* (quoting *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008)). Here, in the face of his attorney's delay in filing for state relief, Bernard did little. Bernard says that he

---

contacted his attorney regarding the progress of the motion but was told not to worry and was unwilling to confront him. He waited until he had only two weeks remaining on the AEDPA clock before taking any affirmative action. And because of his delay, there was no time to correct the procedural problems with his protective habeas petition. This was not reasonable diligence.

To claim the benefits of equitable tolling, Bernard was required to show both that extraordinary circumstances prevented his timely filing and that he exercised reasonable diligence in pursuing his rights. He has shown neither. Equitable tolling is not warranted.

### IV. Alternate Start Date for *Brady* Claim

Bernard has asserted a *Brady* claim in his petition. Because the claim concerns allegedly newly-discovered evidence, it raises the issue of a possible alternate "start date" for the limitations period under § 2244(d)(1)(D). That section states that the limitations period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Determining whether this section might render Bernard's *Brady* claim timely requires a look at the substance of his claim.

At trial, Bernard claimed the shooting was in self-defense. He and his girlfriend testified that Bernard shot Johnson after Johnson acted aggressively and approached them with a hand under his shirt as if he had a weapon. The other eyewitness testified that Johnson had his hands in the air; none of them saw Johnson reach under his shirt.

6

After Bernard's conviction was affirmed on appeal, Bernard learned of the existence of another eyewitness, Ashley Harrell. Harrell states in an affidavit dated November 28, 2022, that she was a resident of the apartment complex where the shooting occurred and observed the events leading up to the shooting of Johnson. [5-1] at 7. She recounts that before the shooting, Johnson made a threatening gesture and appeared to reach under his shirt, as if for a weapon. *Id.* After the shooting, Harrell administered CPR to Johnson until the police and paramedics arrived. *Id.* at 7-8. The next day, Harrell spoke with investigators of the Jackson Police Department. *Id.* at 8. They took only her name and apartment number and told her that she might be summoned to testify since she had performed CPR on Johnson. *Id.* She was never contacted again by anyone investigating the shooting. *Id.* Bernard says he learned of Harrell's identify when she contacted Bernard's mother through social media. He claims that the state's failure to disclose Harrell's identity and information about her constituted a *Brady* violation.

The Fifth Circuit has held that the limitations clock begins to run under 2244(d)(1)(D) on "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *In re Davila*, 888 F.3d 179, 189 (5th Cir. 2018) (quoting *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015)). Harrell's affidavit makes it clear that she never told the investigators anything about what she had seen; she merely gave them her name and apartment number. And Bernard has not alleged that the state knew she had potentially exculpatory evidence. Thus, the predicate facts upon which Bernard is relying to

support his claim are simply Harrell's status as an eyewitness and the state's failure to identify her as such and to investigate and then disclose what she had seen. As Respondent points out, Bernard was on notice of those facts at least as early as his January 2016 trial, during which Cassandra Lockheart, a longtime resident at the apartment complex, testified that she and another resident performed CPR on Johnson immediately after the shooting. Tr. 134, [14-2] at 135. At this point Bernard would have learned of the existence of a possible additional eyewitness and could have, with reasonable diligence, discovered her name and address – the only information of which he claims the police were aware. Thus, under § 2244(d)(1)(D), Bernard's one year would have begun to run in January 2016. Since this date is several years earlier than the date on which his conviction became final, § 2244(d)(1)(D) provides him no relief from the time bar.

## V. Conclusion

Bernard's petition is untimely, and he is not entitled to equitable tolling. It is, therefore, recommended that the motion to dismiss be granted and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy [3] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual

---

[3] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 17th day of January, 2024.

s/ F. Keith Ball
United States Magistrate Judge
