IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WILLIE BERNARD,**

      *Petitioner*,

v.                Cause No. 3:23-CV-344-CWR-FKB

**BRAND HUFFMAN, Superintendent,**

      *Respondent*.

## ORDER

  Before the Court is Willie Bernard's Objection to the Magistrate Judge's Report and Recommendation. Docket No. 20. Mr. Bernard describes inconsistencies in various trial witnesses' recollections of the shooting, and from those inconsistencies asks the Court to infer that he shot the victim in self-defense—to protect his family. *Id.* at 2. He then urges that the prosecution team knowingly violated its *Brady* obligations by withholding exculpatory evidence obtained from witness Ashley Herrell. *Id.* at 3.

  The first argument cannot secure habeas relief. On habeas review, federal courts do not review the evidence de novo; they review the evidence mindful of "the role of the jury and the state courts." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). The testimony Mr. Bernard wants re-weighed is not so lopsided as to warrant disregarding, at this stage, the conclusions drawn by the jury.

  The *Brady* issue is also not enough to secure habeas relief. Even setting aside the various procedural barriers, the relevant part of Ms. Herrell's affidavit (¶9) does not say that she told the police that the victim was the aggressor and appeared to reach in his shirt for a

weapon. If she didn't give the police that information, then the prosecution team was not in possession of exculpatory material that had to be disclosed under *Brady* and its progeny.

Mr. Bernard also expresses frustration with the Magistrate Judge's conclusion on equitable tolling. The law is difficult to understand, he says, and "it is extremely difficult" to do the factual investigation he believes he needs from prison. Docket No. 20 at 2. He has a point. Post-conviction relief and federal habeas review are complicated areas of law even for experienced lawyers. Just because they are difficult, though, does not mean that everyone can demonstrate that their situation merits equitable tolling. The doctrine is, by definition, limited to cases that present "rare and exceptional circumstances." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (collecting cases).

For these reasons, the Court overrules the objections and adopts the Report and Recommendation as its own Order. A separate Final Judgment shall issue. No certificate of appealability will be granted.

**SO ORDERED**, this the 26th day of February, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE